Battle, J.
 

 In common law, costs were not given to either party. They are, therefore, regulated altogether by statute. The act of 1777, continued in the Eevised Statutes of 1836, eh. 31, sec. 79, and in the Eevised Code of 1854, ch. 31, sec. 75, provides that, “ in all actions whatsoever, the party in whose favor judgment shall be given, or, in case of nonsuit, dismission, discontinuance, or stay of judgment, the defendant shall be entitled to full costs, unless where it is, or may be, otherwise directed by statute.” The judgment for costs is to he given
 
 inf amor of the party
 
 who succeeds in the suit; but
 
 *424
 

 against whom,
 
 is it to be given ? Certainly
 
 against the other gga/rt/y
 
 to the suit, for tbe Court bas no other person before it against whom to render a judgment ©f any kind, unless in the case of a surety for the prosecution of the suit, or for an appeal, or a proceeding in the nature of an appeal, which is regulated by another statute. The person to whose use a suit is brought is no party to the record, and his name is inserted in the proceedings as a mere memorandum to show that he-is authcaised to receive the fruits of the recovery. The party plaintiff is the only person whom a Court of Eaw can recognize, and it is well settled that he has so complete a control over the suit, that he may dismiss it when he pleases, unless restrained by a Court of Equity in favor of a person who, in that Court, is regarded as the beneficial plaintiff.
 
 Deaver
 
 v.
 
 Eller, 7
 
 Ire. Eq. 24. Upon principle, then, it would seem that the judgment for costs against Thomas O. Creen, who was no> party to the record', is erroneous.. But the defendant’s counsel have referred to, and rely upon,, the case of
 
 Ashe
 
 v.
 
 Smith,
 
 2 Hay. Rep. 305, as one directly in point to sustain the judgment against Creen. They have- referred us to several cases in New York, and to one in Indiana, in support of the same position. "What necessity there was for such a departure from principle in those States, we do not know. It is very certain that there is no such necessity here. The act of 1787, embraced in the 40th section of the 31st chapter of the Revised Code, makes ample provision for the security of defendants against costs in suits commenced in a court of record, and a like provision is made in .favor of defendants who may appeal from a judgment of a single magistrate by the act of 1831, which is to be fo.und in the 104th section of the same chapter of the Revised Code. In either case the plaintiff may be compelled to give bond, with sufficient security, for payment of the costs of the suit, in the event of his failing to prosecute the same with effect. There is no necessity, therefore, for our departing from all the rules and analogies of the law, by giving a judgment for costs against a person who is not, and cannot properly be made, a party to the suit. Eor
 
 *425
 
 this reason we cannot approve of the course pursued by the Court in the above cited case of
 
 Ashe
 
 v.
 
 Smith.
 
 The case was decided at an early period of our judicial history, and has not been followed, so far as we are aware, by any similar adjudication! Had there been a necessity for it, the Court might possibly have compelled a person, who abused its process, to pay the costs, by putting him under a rule to do so, or be attached for contempt, J3nt it can- have no right to proceed directly against such person by giving a judgment, and issuing and execution, against him. The judgment must be reversed, and this opinion certified according to law.
 

 Per Curiam. Judgment reversed.